UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUOSHAN INTERNATIONAL, INC.,<br>Plaintiff,<br>v.<br>PLAINVIEW MANAGEMENT CORP., *et al.*,<br>Defendants. | Case No. 5:25-cv-00778-CV (PDx)<br>**ORDER GRANTING MOTION FOR REMAND [11]** |

On April 25, 2025, Plaintiff filed a Motion for Remand ("Motion"). Doc. # 11 ("Mot."). Having reviewed and considered all the briefing filed with respect to the Motion, the Court finds that oral argument is not necessary to resolve the Motion, *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

## I. <u>INTRODUCTION</u>

Plaintiff Luoshan International, Inc. filed the present action in San Bernardino County Superior Court on March 28, 2024. Doc. # 1 at 10–34 ("Complaint"). Plaintiff asserts claims for (1) breach of contract (Cal. Unif. Comm. Code § 2201, *et seq.*); and (2) common count – goods and services rendered. *See generally*, Compl. Plaintiff seeks

monetary damages in the amount of at least $124,172.37, and pre- and post-judgment interest. *See id.* at Prayer.

## II. **BACKGROUND**

The Complaint alleges that Plaintiff sells and installs industrial pallet racks and other products for customers with large warehouses. Compl. ¶ 9. Plaintiff alleges that it issued an invoice in the amount of $171,260.23, pursuant to which it agreed to deliver and install certain industrial rack components to a business in Bloomington, California. *Id.* ¶ 10. Plaintiff alleges it made deliveries of the goods and completed installation of the goods pursuant to the invoice. *Id.* ¶¶ 14–15. Plaintiff alleges that Defendant made a deposit payment pursuant to the invoice, and two additional payments, but that Defendant still owes $171,260.23 for the goods and services rendered. *Id.* ¶¶ 11–13.

Plaintiff filed its Complaint in San Bernardino County Superior Court on March 28, 2024, and served the Complaint on Defendant on May 8, 2024. Compl.; Mot. at 3; Doc. # 11-1 ("Soon Decl.") ¶ 4, Ex. 2. On June 17, 2024, Defendant filed an answer in the Superior Court. Mot. at 3; Soon Decl. ¶ 5, Ex. 3.

On March 26, 2025, Defendant Plainview Management Corp. removed the action to Federal Court on the basis of 28 U.S.C. §§ 1332, 1441, and 1446, asserting that the Court has diversity jurisdiction. Doc. # 1 ("NOR").

## III. **LEGAL STANDARD**

A defendant may remove a civil action from state court to federal court when original jurisdiction would lie in the court to which the action was removed. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). District courts have original jurisdiction over actions arising under the United States Constitution, federal law or a treaty to which the United States is a party ("federal question jurisdiction"), *see* 28 U.S.C. § 1331, as well as over actions involving parties of diverse citizenship with an amount in controversy exceeding $75,000 ("diversity jurisdiction"). 28 U.S.C. § 1332.

There are two 30-day periods for removal of a case to federal court. 28 U.S.C. § 1446(b); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010).

First, a defendant has 30 days to file a notice of removal when removability is clear from the face of the initial pleading. *Dietrich v. Boeing Company*, 14 F.4th 1089,1090 (9th Cir. 2021). Notice of removability is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); *see also Kuxhausen v. BMW Fin. Servs. NA LLC.*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first [30]-day clock under §1446 (b) to begin.").

Second, where the initial pleading fails to reveal a basis for removal, a defendant has 30 days after receiving a "copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which has become removable." *Dietrich* 14 F.4th at 1090 (quoting 28 U.S.C. §1446 (b)).

If neither 30-day period is exceeded, a defendant may remove the action after "discover[ing] based on its own investigation that a case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013). "A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Id* at 1125.

## IV. <u>DISCUSSION</u>

The Parties agree that the amount in controversy and diversity prongs of diversity jurisdiction are both met in this matter. However, Defendant contends that diversity was not clear from the face of the Complaint, and that the Complaint therefore did not trigger a 30-day deadline for Defendant to remove the case.

Under 28 U.S.C. §1446(b)(1), a Defendant has 30 days to remove if the initial pleading "affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris*, 425 F.3d at 690–91 (internal quotations removed).

Defendant argues that the Complaint did not reveal on its face the facts necessary to establish diversity jurisdiction because (1) the Complaint contained ambiguous allegations regarding Defendant's citizenship, and (2) the Complaint contained ambiguity as to the proper identity of Defendant. Defendant's arguments regarding ambiguity are both unconvincing.

First, as corporations, Plaintiff and Defendant are deemed citizens of the state by which they are incorporated and the state in which they have their principal place of business. 28 U.S.C. § 1332(c)(1). Defendant claims there was jurisdictional uncertainty relating to *its own citizenship*, because the Complaint alleged that Defendant was doing business in California, and filed a Statement of Information with the California Secretary of State. However, neither of these assertions are determinative as to Defendant's citizenship, as neither describes Defendant's state of incorporation or principal place of business. And further, a corporate defendant is presumed to know its own citizenship. *Cretian v. Job1USA, Inc.*, No. 09 CV 770 ST, 2009 WL 4841039, *3 (D. Or. Dec. 11, 2009) ("[defendant] is presumed to know its own citizenship; indeed, it is in the best position to know it"); *Villareal v. Demarco*, No. 09-CV-0452 PA, 2009 WL 279111, *2–3 (C.D. Cal. Feb. 5, 2009) (finding that plaintiffs are not required to plead the defendant's citizenship to start the time period for removal because "[d]efendants are in the best position to know their own citizenship.").

Second, to the extent Defendant claims there was jurisdictional uncertainty because of confusion as to who was the proper defendant, such argument is unconvincing because the nonjoinder of other interested parties does not affect diversity jurisdiction. *See Lincoln Property Co. v. Roche*, 546 US 81, 93 (2005) ("Ordinarily, a court will not interfere with the consequences of a plaintiff's selection in naming parties, unless the plaintiff has impermissibly manufactured diversity or used an unacceptable device to defeat diversity."). Further, Plaintiff's complaint explains that the discrepancy between the Defendant and the party named on the invoices was a mistake on the invoices, and explains that Defendant is the party who owes Plaintiff money under their contract.

Because removability was clear based on the face of the Complaint, Defendant was required to remove the matter on or before June 7, 2024 (30 days after the service of the Complaint on May 8, 2024). Defendant's removal on March 26, 2025 was therefore untimely.

## V. CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's Motion to Remand and ORDERS as follows:

1. The above-referenced action shall be remanded to the Superior Court of the State of California, County of San Bernardino, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).
2. The Clerk shall send a certified copy of this Order to the state court.

**IT IS SO ORDERED**.

Dated: 8/6/26

Cynthia Valenzuela

HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE